not be permitted to recover it for the benefit of those who may be entitled ultimately to its avails.

The judgment should be reversed, and a new trial ordered.

———◆◆◆———

# U. S. SUPREME COURT.

FREDERICK BRONSON, executor, &c., plaintiff in error, agt. PETER RODES, defendant in error.

There are two descriptions of lawful money in circulation in the United States, both sanctioned by the law and both a legal tender.

Where contracts for payment provide that it shall be paid in *coin*, the judgment should be for such description of money according to the intent of the parties; but where no description of money is named in the contract, judgment should be entered generally without specification. (*Reversing the judgment of the N. Y. Court of Appeals in this case—34 N. Y. R.* 649.)

*Washington, January Term,* 1869.

*In error to the Court of Appeals of the State of New York.* Chief Justice CHASE delivered the opinion of the court, in this case, to the effect that contracts for the payment of coin should be enforced by the courts according to the intent of the parties. In this case a mortgage was made to secure payment of $1,500 in the state of New York, in 1851; and it was provided that the money should be paid in coin, the legal money of the United States. In January, 1865, tender was made in treasury notes, which was refused, and this action was brought to enforce such payment and secure a satisfaction of the mortgage in pursuance thereof. The court of appeals of New York held, that the tender was a discharge of the mortgage, and directed it to be cancelled.

The present supreme court now hold that there are two descriptions of lawful money in circulation, both sanctioned by the law and both thereof a legal tender; that in view of

Affirmance on Default.

this fact, contracts for payment must be enforced, and that where coin is provided to be paid, judgment should be for such description of money; but where no description is named, judgment should be entered generally without specification.   The judgment of the New York court of appeals is reversed, with costs, and the cause remanded for further proceedings in conformity to the proceedings of the supreme court.

Justices DAVIS and SWAYNE concurred—delivering briefly, saparate opinions.

Justice MILLER dissented.

———◦◦◦———

## N. Y. SUPERIOR COURT.

AFFIRMANCE ON DEFAULT BY GENERAL TERM, JANUARY, 1869.

This court will no longer allow judgments to be affirmed on the call of the calendar at general term, *if the case has not been settled and filed.*
And no such cause will be allowed to be put upon the calendar, unless by an order of a justice of the court.

UPON the call of the calendar during the January general term, a judgment was affirmed on default.   Upon an application to open the default and to vacate the order of affirmance, it appeared that the "case" had not been settled; and it was claimed that, therefore, the appeal was not in readiness to be heard, or the cause properly upon the calendar.   On granting the motion, the court, after consultation with all the judges, made the following decision:

*By the court,* MONELL, J.   The practice which has prevailed to some extent of allowing a respondent to notice an appeal for argument, place the cause upon the calendar, and